UNITED STATES of America,
ex rel., Sara (Newsome)
BURNS, Plaintiff,

v.

FAMILY PRACTICE ASSOCIATES OF SAN DIEGO, an Osteopathic Corporation; Michael J. Feinstein; Seth M. Flam; Sol Lizerbram; Howard A. Hassman; Kevin Ellis; Steven J. Hernandez; and Does 1 through 100, inclusive, Defendants.

Civ. No. 91–1325–K(POR).

United States District Court,
S.D. California.

July 11, 1995.

Linda S. Robinson, Judith B. Oakes, Law Offices of Linda S. Robinson, San Diego, CA, Robert P. Lowell, David S. Robbin, Lowell & Robbin, San Diego, CA, for plaintiffs/relator.

Robert G. Steiner, Kelly Capen Douglas, Luce Forward Hamilton & Scripps, San Diego, CA, Breckenridge L. Willcox, Alan E. Reider, Arent Fox Kintner Plotkin & Kahn, Washington, DC, for defendants.

## ORDER RE DEFENDANTS' MOTION FOR PROTECTIVE ORDER

PORTER, United States Magistrate Judge.

On June 28, 1995, Defendants' Motion for Protective Order came on for hearing before the Honorable Louisa S. Porter, United States Magistrate Judge. Linda S. Robinson, Esq. of the Law Offices of Linda S. Robinson; Robert P. Lowell, Esq., and Judith Oaks, Esq. of Lowell & Robbin appeared on behalf of Plaintiffs/Relator. Robert G. Steiner, Esq. and Kelly Capen Douglas, Esq. of Luce, Forward, Hamilton & Scripps; Alan E. Reider, Esq. and Breckenridge L. Willcox, Esq. of Arent, Fox, Kintner, Plotkin & Kahn appeared on behalf of Defendants. After reviewing all the papers submitted in the matter and after hearing oral argument, the court grants in part and denies in part defendants' motion.

Defendants seek a protective order preventing the Department of Justice (DOJ) from turning over a report which was prepared by their attorneys and sent to the DOJ at a time when the DOJ was investigating defendants. Defendants contend that the report should be protected based upon:

1. The attorney work product doctrine;

2. The self-critical analysis privilege; and

3. Privacy rights of third persons whose names are mentioned in the report.

## INTRODUCTION

This is a qui tam action where the plaintiff (RELATOR), a private party, has brought an action on behalf of the United States. The Government is the real party in interest in that it is the Government that has suffered an injury and will receive any recovery (the qui tam plaintiff receives only a statutory share of the recovery).

In the case presently before the court, the Relator alleges medicare fraud in the billing practices of the defendants. The relationship of the parties is important to the outcome of this dispute. The court views the relationships as follows:

1. The relationship of the Government to the medicare provider is contractual. The defendants had a medicare participating provider agreement with the Government wherein the defendants agreed to accept as-

signment of patients' medicare benefits and receive direct payment from Medicare.

2. The Government's relationship to the Relator is almost that of a co-plaintiff in that the Government, upon a showing of good cause, may intervene and become a plaintiff in the action. To date, the Government has declined to join the action. Therefore, the Relator is proceeding as the Government's assignee. The Relator will still only be entitled to a statutory share of any recovery with the Government taking the lion's share.

3. The relationship of the DOJ to the defendants: The DOJ has been, and may still be, investigating the allegations of fraud against the defendants. This could result in the Government joining this action and/or may also result in criminal charges against the defendants.

4. The relationship of the DOJ to the Relator is that of an ally in that both are investigating the same defendants in what could be joint litigation. If the Government does not intervene, then the Relator is fighting for the Government as a private attorney general.

## HISTORY OF THE CASE

The history of the case reveals that the Relator filed suit under seal and, as required, forwarded her statement of material facts to the Government. Based upon that statement, the Government initiated an investigation through the DOJ. The DOJ advised the defendants of the suit and invited a response. At that time the defendants and their attorneys were well aware of the fraud allegations and the fact that the Government was investigating the allegations for purposes of intervening as a plaintiff and/or filing criminal charges.

In response, the defendants, through their attorneys, voluntarily submitted a report. There is nothing before the court that indicates that the attorneys and/or the defendants did anything to preserve any privilege or confidence. To date, the DOJ has not intervened in this suit but has advised that it intends to release the report to the Relator. This motion was filed by the defendants to prevent such disclosure.

## DISCUSSION

### Work Product Doctrine:

■ The defendants' reliance on the attorney work product doctrine fails. This court is persuaded by the reasoning set forth in *Westinghouse Elec. Corp., v. Republic of the Philippines,* 951 F.2d 1414 (3rd Cir.1991), and more specifically by the analysis of that case by the court in *In re Worlds of Wonder Securities Litigation,* 147 F.R.D. 208 (N.D.Cal.1992) decided in the Northern District of California (the only case in the 9th Circuit that appears to address the issue before the court).

Based upon the definition of attorney work product, this court must agree that the report appears to be attorney work product. It was prepared by attorneys, probably reflects the attorneys' thought processes and was prepared in anticipation of litigation.

The report was sent to an entity that one can only view as an adversary. The Government and the DOJ were conducting an investigation and the report was submitted to either forestall action by the government or to receive lenient treatment. The defendants were the target of an investigation and, as such, can only be seen as an adversary of the investigating agency.

■ Disclosure to one adversary waives the privilege as to all other adversaries. Once the report was sent to the Government and/or DOJ, the privilege was waived as to that adversary and to all other adversaries. The defendants may not pick and choose which adversaries will be privy to such disclosures.

Defendants submitted the voluntary report to the DOJ in order to further their own self interests. Defendants now ask this court to recognize the attorney work product doctrine for protection against disclosure to a different adversary in a suit centering on the very

same matters disclosed to the Government. It would be unfair to allow the defendants to select which adversaries they will allow access to the report.

■ The attorney work product doctrine is a qualified privilege. Once the privilege is waived, it is waived. If not waived, one may still obtain documents protected by the doctrine if a substantial need is shown. This court has found waiver and, therefore, need not address substantial need or the difference between opinion and non-opinion work product. By virtue of the waiver, this court does not see the distinction between opinion and non-opinion work product as a significant factor in the determination of the court's decision.

### Self Critical Analysis

■ The self critical analysis argument also fails as defendants have not presented any evidence which shows that the report falls within the scope of documents which the policy seeks to protect.

As set forth above, the report was prepared for and submitted to a governmental agency investigating the defendants. The interests of the defendants was to present themselves in the best light.

Absent a showing to the contrary, this court must assume the report is nothing more than an adversarial document prepared in the self interest of the defendants to forestall litigation. The conclusory statement that it contains self critical analysis is not enough to bring it into protected status.

### Privacy Interests of Third Parties

■ The court is concerned for the privacy interests of third persons whose names and identifying information may be disclosed in the report. The contractual relationship between the medicare provider and the government may allow for disclosure of third person identities to the government and not to a potential co-plaintiff.

The report may be provided by the DOJ but with this personal identification information redacted. The court makes no statement concerning the discoverability of this information but believes that these third persons should have their privacy rights protected at this stage of the litigation. Until further court order, all identifying information shall be redacted.

### Release of Report

■ Defendants ask that the report be released only after a proper discovery request. The issue addressed to the court is not a discovery matter but is a question of whether an ally and a potential co-plaintiff, to whom the adversary has voluntarily released a report, can share that report with the plaintiff. This court finds that it can without need for a discovery request.

### Defendants' Discovery Request

■ Defendants seek a mutual exchange of documents with the Relator's statement of material facts released to the defendants. There has been no formal request for this document.

The report addressed above is merely being shared by a potential co-plaintiff with another plaintiff. However, there has been no disclosure of the statement of material facts to an adversary. The statement has only been shared with an ally and, therefore, none of the analysis as relates to the report provided by defendants applies to the statement. It shall not be disclosed at this stage of the litigation.

### In Camera Review

■ The defendants request an in camera review of the report prior to disclosure. This court declines the request. The defendants have not complied with any of the requirements necessary for an in camera review.

■ Prior to an in camera review there must first be a sufficient evidentiary showing of a legitimate issue as to application of a privilege or other protection. In camera review should not replace effective adversarial testing of the claimed privileges and protection.

No detailed affidavits or other evidence was submitted setting forth any privilege or protection necessitating such a review. This court has found a waiver of any privilege that exists and has fashioned the necessary protection for privacy rights of third persons.

### CONCLUSION

Defendants' motion is granted in part and denied in part. The report may be provided by the DOJ to the Relator but with the personal identifying information of third persons redacted. The report shall be provided within Ten (10) days from the date of this order.

IT IS SO ORDERED.